It was that kind of a situation in which it could only be a sale. So it was either a sale or nothing. But in this particular case, it's a buy. So to say it didn't attempt to sell anything, that didn't mean that if it was an attempt to buy, that it couldn't come within the statute. Well, Your Honor, I would submit that under this court's analysis in Optum, which did involve asking somebody to participate in a survey. I believe they received a small honorarium in response, and that survey was then used to create a database that Optum would control. And Mr. Early is going to touch upon this, but there were two recent cases decided, one from the Eastern District of Michigan this week, and a second from the Southern District of New York. And I realize they are outside the circuit and not binding on the circuit, but quite informative. And in both of those cases, FACTSs that were in the form of an opinion survey that themselves did not offer any product or service for sale were not advertisements, even if they also contained an offer of nominal compensation. The Eastern District of Michigan case is exclusively capped veterinarian hospital versus NARC research. It was decided last week on the 16th with a Lexus site of 2020, U.S. District Lexus 45181. The Southern District... Would you give me that citation again, please? Sure, sure. Sorry, I'll go a little slower. It is 2020, U.S. DIST District Lexus 45181. That's the first one. The second is a case... That one is exclusively capped veterinarian hospital. Yeah, I couldn't understand that title again. Can you give me a second? Sure. Exclusively? Never mind. We have the site. 2020, U.S. District Lexus 45181. Right. I'm sorry, Your Honor. Eastern District of Michigan decided last Monday. Okay. What's the other one? It's Machonis, M-A-C-H... M-A what? C as in Charlie, H as in Harry, O-N as in Nancy, I-S as in Sam. And that's U.S. District Lexus 31330. 31330. Yes, sir. And that is a Southern District of New York case that was decided last month. And remind us why these are pertinent. What do they say? In both of these instances, they were invitations to participate in a survey, a market research survey, in exchange to receive a payment of honorarium. And both cases expressly rejected the reasoning of the Eastern District of Michigan in LNGAP and noted that that is really out of step with the rest of the country. Well, what's the response you have to Judge Greenberg's observation that it's puzzling to think that Congress would say, hey, you're absolutely forbidden to send people faxes they don't want trying to sell them something, but it's okay for you to sell faxes that they don't want where you're offering to buy something from. Well, Your Honor, I think that this was addressed in LUS, an opinion authored by Judge Bartle, around the time that the TCPA was actually enacted. And there, Judge Bartle found that blunt ads did not violate the TCPA. Okay. I'm not sure why Congress did what it did. Congress does some interesting things sometimes. All right. Well, we've had your five minutes, so we'll turn to Chief Jay Early for ITV. Yes. Thank you, Your Honor. This is Frank Early on behalf of ITV Inc. So just to kind of follow Ms. Southall's argument, in citing to the new cases she referenced, the Southern District case, which is the 2020 Lexus 31330 matter, in that case it specifically addresses the issue Your Honor raised about the buying or selling. And why did the legislature enact the law the way that it did? In other words, why is there nothing focused on buy? And then more importantly, at the surveys, which is the issue here. And there they cite the Committee on Energy and Commerce specifically recommending enacting the TCPA and say that the committee does not intend to turn telephone solicitation to include public opinion polling or consumer or market surveys or other surveys where research is conducted by telephone or fax, right? And that furthermore, Your Honor, in the same case, sorry, if you look to the FCC regulations, calls that don't fall within a definition of telephone solicitation are not precluded. So surveys and market research, political or religious speech calls are not precluded. That is 18 FCC record 14014, paragraph 3. That's dated to July 3rd, 2003. I believe we cite that in our case. So there is specific legislative history on the point of what is and is not addressed by the TCPA. But Congress considered it and made a determination to craft the language exactly as they did. You want to address the arguments typically made by Mr. Bach that there is a commercial purpose here. This isn't standard survey kind of stuff. You're trying to bide your time to market your product. It's a commercial transaction. So it is an advertisement in the same vein as a want ad kind of a thing is that sensibly should be covered. Why is that not an argument? Sure. Sure. So to go back to a case, again, Ms. Salvo cited it once, and there's a line of cases which we cite to our brief starting on page 17. And appellants are aware of this, and, in fact, early on in our case they tried to position their cases as employment-type matters. And that's what this really is. If you want to take it outside of the scope of Optum and not put it in the third-party liability, which is where we think it fits and it doesn't work, but if you want to look at it outside of Optum and you look at cases where you're in an employment-type atmosphere, like arguably we are here, it's not buying their time. It's offering an opportunity to be employed. It's as a mere incentive for you to then do the work that we need in the survey. And to the commercial purpose, the survey itself has zero commercial purpose as a profit, the survey itself. There's nothing related to what our client is doing other than making a profit for itself on the materials. But the law is, I mean, overwhelmingly clear there, and that's in all the defendant's briefs, that every for-profit entity operates for a commercial purpose to make money. If that were the definition of commercial purpose, every fact would be prohibited by the TCPA. And we think that cannot be the case, and the law supports that. All right. Thank you, Mr. Early. Mr. Doran. Good afternoon, and may it please the Court. This is Patrick Duran speaking on behalf of the Pelley M-Science LLC. I'm happy to address any of the Court's questions, but I was specifically tasked with talking about the issue of money equaling property, which the Court did address early in this argument, and I would just like to put a couple of more points to discuss. First of all, if you do look at the statute, as was pointed out by the Court, when you go to an adjacent definition, it says that it talks about the purchase or rental of or investment in property, goods, or services. What the plaintiffs are arguing for is a different definition of the word property when it comes to faxes than when it comes to telephone solicitations. And that's just not correct. The Supreme Court has said in IBP v. Alvarez that, quote, And that's what you have here. The word property is not being modified by those other words. It's simply being understood to mean things like real property or, at a minimum, tangible property, not cash, currency, and honorarium, which is for certain prescreened individuals. Second, if you look at the purpose, the evil to be remedied, and we submit that this both addresses that money is not property but also the overall scheme and why this is not a statute that prohibits offering an honorarium as an enticement to participate in a survey, is because the evil to be remedied, as it says in the statute, the purposes of this law is, quote, The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques. And it talks about, quote, I submit that these purposes set forth in the statute itself talk about the evil to be remedied is offering to sell you something, not proposing to offer an incentive for participating in a survey. Optum says, and it talks about, a survey is not prohibited. Pure market research is not prohibited. This is pure market research. There's no discernible difference between what is happening in both of these cases and pure market research. And, you know, this court looked at the issue in Optum, and I'll quote from Optum. I think it's very important and it directly addresses what we're talking about here. The court, you know, basically said not every annoyance is a federal case. Quote, It does not prohibit all unsolicited facsimiles, just advertisements. We will not distort the meaning of advertisements to accommodate Dr. Maltby's case, end quote. And we propose that this would be a distortion. The trend, now that this particular issue is being addressed in the Southern District of New York, in the Eastern District of Michigan, and in the several cases we cited, and the industries and others where an honorarium is being provided, there is not, you know, the greater weight is saying that the offer of an honorarium as an enticement to participate in a survey does not transform an otherwise appropriate fact into an unsolicited advertisement that is barred by the TCPA. Okay. You're right on the edge of your time here, Mr. Grant. Anything else you want to say? Just in closing, we ask that the court uphold the trial court's decision dismissing these actions as not violating the TCPA. These are not unsolicited advertisements. We thank the court. Okay. Thanks. Mr. Bach, your rebuttal. The disclaimer on the fax that says this isn't an attempt to tell you anything, that should not control the outcome of whether it's an advertisement, you know, that the defendant says this isn't an advertisement shouldn't influence the court in determining whether it is. Optum did not include any offer of compensation. So NIA and Optum, those faxes, there was no offer of compensation. So basically the defendants are arguing that there's a loophole for, if you will, for surveys, for offers to pay people, to pay doctors to participate in surveys. I take them to be saying that the TCPA says what it says and it prohibits advertising and it's not an advertisement to tell somebody I want to ask you some questions, I'll pay you. That's confined to selling things and that we've got case law to support us. Now, that's an inartful way of summing up what I'm hearing them say, but that's what I'm hearing them say. Why don't you speak to their argument. There are cases that are coming in from various quarters of the country, including one from early days from Judge Harvey Bartle in the Eastern District of Pennsylvania, a well-respected judge in our circuit, saying, you know, this just doesn't pass muster. Like a help-wanted ad isn't an ad. Help-wanted kind of a thing over a fax is not selling something. So go ahead and respond to those arguments. Yeah, Judge Bartle's decision was in a case between people who had left the law firm and then sent a fax to the law firm saying they'd like to hire people or something like that. I think there was something a little more involved in the dispute that didn't make it into the opinion, but there wasn't much of an analysis about why it's not an advertisement if you offer to pay somebody a particular amount of money for something, which is what these faxes did. And the fact that other district courts have said that faxes inviting surveys aren't ads, there's district courts that have said they have. And this court is reviewing two district court opinions saying these weren't advertisements. You know, if those are persuasive to the court, then they're persuasive. I don't know why an Eastern District of Michigan opinion saying that it's not an ad would be any more persuasive. It's immaterial to both the TCPA and the fax recipient whether the fax is promoting a sale or promoting a purchase. Either way, the fax causes the same harm. Why do you say it's immaterial? And here I'll take you back to the question I started with. Okay. There's a definition of what constitutes an out-of-bounds telephone solicitation in a neighboring section of the TCPA, and it talks about property in a way that logically is not money because, you know, just what we talked about before, that the language is specific about, you know, some kind of a purchase, rental, or investment. If we were to interpret the language in the same way in a neighboring section, how do you get around turning that which you have identified money as property, how do you get around the language of the statute itself in a neighboring section? You know, looking at that section, I think that it could apply to calls seeking to purchase property including money. So how about a call from a money changer who wants to trade you French currency for American currency, and the purpose is to encourage you to purchase it or to purchase bitcoins would be property. It would be, I don't know if they're tangible property or intangible property, but the word property in that section can mean money. It could be a purpose of encouraging the purchase of money in the form of a foreign currency. And then we also cited cases, including a U.S. Supreme Court case, that said when different words are used differently, that doesn't mean that they meant the same thing. We cited the Carcieri case, the U.S. Supreme Court, when Congress includes particular language in one section but omits it in another section, it's presumed they acted intentionally in including or excluding it. I think, you know, this is sort of the opposite situation. You're saying the way they modified what was being proposed and then used the word property, doesn't that mean that the word property is so limited here, not to include money? Yeah. Okay. Well, I thank you for your argument and your rebuttal, Mr. Bach, and for all counsel for the appellees. Judge Schroeder. Judge Schroeder. It's Judge Schroeder again. A lot of citations were flying around there. Could we get the attorneys, somebody to file a 28-J letter listing those cases? It would be helpful. Of course, Your Honor. Yeah. No argument, Ms. Southall. Just send the citations. Right. All right. Thank you, Your Honor. Thank you. Okay. Thanks, counsel. We've got the matter under advisement.